UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-000066 |
| | ) | Judge Sharp |
| [5] RICKY THOMPSON | ) | |

## ORDER

Defendant Ricky Thompson has filed a Motion to Dismiss for Improper Venue (Docket No. 225). That Motion is directed to Count Three of the Third Superseding Indictment which alleges that, "[o]n or about March 2, 2016, in the Middle District of Tennessee and elsewhere, [5] RICKY THOMPSON, a/k/a BOOM, a/1-/a BIG HOMIE, a/k/a UNC, knowingly possessed firearms in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846." (Docket No. 178 at 3).

Defendant claims that, through discovery, he has learned that he is alleged to have possessed the weapon in Ohio, not the Middle District of Tennessee where the alleged conspiracy is said to have been centered, and that "[n]othing in the discovery in this case indicates that Thompson ever physically entered the Middle District of Tennessee during the course of this alleged conspiracy – no matter what the time frame." (Docket No. 225 at 4). He also argues that the arrest of co-defendants Rupley and Gilligan in March of 2015 "ended the drug distribution alleged in this district and therefore ended the conspiracy alleged by the Government" and that "[t]he only basis for expanding the conspiratorial period is [a] letter allegedly authored by Gilligan" (id. at 5) in which he writes about sending his "baby momma the discovery" who, in turn, was "supposed to take it to

1

unc," (Docket No. 225-1).

To be fair, the Court notes that counsel for Thompson conceded at the status conference on February 22, 2017, that the conspiracy may be broader that he envisioned when he filed the Motion, and the Government's response seems to suggest as much. There, the Government writes that it

> anticipates introducing evidence at trial showing that venue for the § 924(c)(1) charge exists in the Middle District of Tennessee because the underlying drug conspiracy, which is grounded on the distribution of narcotics in the Middle District of Tennessee, was ongoing at the time the defendant was found in possession of firearms. Specifically, the United States submits that witness testimony and records of communications between witnesses will show that the defendant's charged co-conspirator, Derek Gilligan, continued trying to warn the defendant of the status of the ongoing federal investigation into the drug conspiracy by sending the defendant "discovery" *before* the defendant was found in possession of firearms, that the defendant was utilizing the fruits of the conspiracy, including a white Cadillac, at or around the time he was found in possession of firearms, and that the defendant, *after* he was found in possession of firearms, sought to intimidate witnesses due to testify in front of a federal grand jury about the alleged conspiracy. Moreover, the United States anticipates that Thompson's primary source of heroin supply will testify that (s)he provided Mr. Thompson heroin from at least June 1, 2014, and continually supplied substantial quantities of heroin to Mr. Thompson, uninterrupted, until the time of Mr. Thompson's arrest and that Mr. Thompson confided that he was anxious because Mr. Gilligan and Mr. Rupley had been arrested in Tennessee with his heroin.

(Docket No. 228 at 1-2, emphasis in original).

"'Venue is proper in the state or district where the offense was committed,'" and "'where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done.'" United States v. Kuehne, 547 F.3d 667, 677 (6th Cir. 2008) (citations omitted). "Thus, '[v]enue may be had in more than one location'" Id. Except "when the evidence establishing venue is very clear or uncontradicted," in which case "the district court may resolve the issue as a matter of law," proper "venue ordinarily is a question of fact for the jury." United States v. Jaber, 509 F.3d 463, 466 (8th Cir. 2007). Furthermore, where, as here, it is alleged

that a gun was used during a drug trafficking conspiracy, venue is proper in any district where the conspiracy was formed or where an overt act in furtherance of the conspiracy took place. Kuehne, 547 F.3d at 677.

Given the Government's representation about the anticipated evidence, the Court cannot find as a matter of law that venue is improper simply because the gun or guns underlying the charge in Count Three were found in Toledo, Ohio. As such, Defendant Thompson's "Rule 12(b)(3) Motion to Dismiss Count 3 of the Indictment for Improper Venue" (Docket No. 225) is DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE